244–246 WEST FOURTEENTH STREET CORPORATION, Respondent, *v.* EIGHTH AND FOURTEENTH STREET REALTY CORPORATION, Appellant.

First Department, November 21, 1930.

*Abraham Rosenstein* of counsel [*Feltenstein & Rosenstein*, attorneys], for the appellant.

*Guido J. Giudici*, for the respondent.

McAVOY, J. The action was brought by plaintiff to cancel of record a memorandum of a long term lease made by plaintiff landlord to defendant tenant of premises. The relief prayed for by plaintiff is to free said property of the tenancy under said lease,

and that an entry and record be made upon the indices and records of the register's office showing such cancellation. The basis for such relief was that the memorandum of lease constituted a cloud upon plaintiff's title to the premises, and cancellation is sought on the theory that the defendant repudiated, rescinded and refused to be bound by the terms of the lease, and although rescinding, the defendant persists in refusing to cancel of record such memorandum of lease, and, therefore, the marketability of plaintiff's title is affected.

A long term lease was entered into between plaintiff, owner, and defendant, a holding corporation, under which it was to take possession for the purpose of demolition and rebuilding February 1, 1930. The defendant here gave notice that it would not take possession because there were tenants remaining on the premises on February 1, 1930.

Defendant herein immediately brought suit as plaintiff to recover back $8,350 which it had paid in advance for one year's rent, and an additional $1,000 which it claimed it had paid as commission to sublet a portion of the premises, making a total of $9,350. Such suit is now pending. A *lis pendens* in that action was filed.

After negotiations, the defendant here consented, providing a surety company bond were given for $10,000, to the canceling of the *lis pendens*. The *lis pendens* was removed on filing the bond under an order of the court and the plaintiff here asked for a surrender of the lease, or a cancellation of the memorandum of lease, which had been put on record. Defendant is alleged to have stated that it would not consent to the removal of the memorandum of lease, unless it received a substantial settlement of its suit.

Plaintiff thereafter commenced this action for cancellation of the certificate denoting the existence of the lease.

In the action now before us for review, the defendant sets up as a counterclaim the exact facts set forth in its own action in which it is plaintiff, except that it merely asks for $8,350 and no commission, instead of $9,350.

A *lis pendens* in certain cases may be canceled upon giving a bond, but we find no provision of law which permits cancellation of the record of a lease, or other lien or incumbrance, on motion. That remedy must be left for the trial.

The order should be reversed, with ten dollars costs and disbursements, and the motion denied, with ten dollars costs.

DOWLING, P. J., FINCH, MARTIN and O'MALLEY, JJ., concur.

Order reversed, with ten dollars costs and disbursements, and motion denied, with ten dollars costs.